DISTRICT OF MINNESOTA

_____

Civil File No.: _____

Terry Nelson and Clark Anderson as
Trustees of the Painters and Allied Trades
District Council No. 82 Health Care Fund,
Terry Nelson and Bill Sullivan as Trustees of
the Minneapolis Local 386 Drywall Finishing
Industry Pension Fund n/k/a as the Painters
and Allied Trades District Council 82
Defined Contribution Plan, Terry Nelson and
Robert Swanson as Trustees of the
Finishing Trades Institute of the Upper
Midwest Trust Fund, and Terry Nelson and
Mark Rislund as Trustees of the Painters
and Allied Trades District Council 82 STAR
Fund,

**COMPLAINT**

       Plaintiffs,

vs.

DKS Construction, LLC and Daniel I.
Serotoff, individually,

       Defendants

_____

Plaintiffs, for their Complaint against the Defendants, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1.    Plaintiffs are Trustees and fiduciaries of the Painters and Allied Trades

District Council No. 82 Health Care Fund, the Minneapolis Local 386 Drywall Finishing

Industry Pension Fund n/k/a as the Painters and Allied Trades District Council 82 Defined

Contribution Plan, the Finishing Trades Institute of the Upper Midwest Trust Fund, and

the Painters and Allied Trades District Council 82 STAR Fund ("Funds").

2.      The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.      The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq*.

4.      Defendant DKS Construction, LLC ("DKS Construction") is a Minnesota limited liability corporation with a registered address of 4524 Columbus Avenue South, Minneapolis, Minnesota 55407.  DKS Construction is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5.      Defendant Daniel I. Serotoff ("Serotoff") is an individual with an address of 4524 Columbus Avenue South, Minneapolis, Minnesota 55407 who is personally liable to the Funds.  Serotoff is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6.      This is an action by the Funds' Trustees and/or fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

7.      The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

## FACTS

8.      The Funds re-allege and incorporate by reference paragraphs 1-7 herein.

9.      Since at least December 1, 2015, DKS Construction has been bound to the terms of a collective bargaining agreement negotiated between the Minnesota Drywall and Plaster Association and Painters & Allied Trades District Council No. 82 of Minnesota and the of the International Union of Painters and Allied Trades, AFL-CIO with a term of May 1, 2012 through April 30, 2016 ("CBA").

10.     Pursuant to the CBA, Serotoff is personally bound to the CBA as result of DKS Construction's failure to comply with the bonding provisions set forth in the CBA.

11.     DKS Construction and Serotoff were bound to the CBA through at least April 30, 2017.

12.     Pursuant to the CBA, DKS Construction and Serotoff agreed to be bound to the terms of the Trust Agreements for each of the Funds.

13.     The CBA and Trust Agreements require DKS Construction and Serotoff to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

14.     The CBA and Trust Agreements require DKS Construction and Serotoff to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

15.    The CBA and Trust Agreements state that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the 15th day of the in which they are due.

16.    The CBA and Trust Agreements state that the Board of Trustees for the Funds shall have the right at any reasonable time to have a representative check the payroll, Social Security, withholding, unemployment, and Workers' Compensation records, 1099s, and 941s and any other record necessary to determine whether an employer is in compliance with the terms and provisions of the CBA.

17.    Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Premium Painting Services and Hoppe to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

18.    If DKS Construction and Serotoff fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, DKS Construction and Serotoff are liable for all of the hours worked by that individual for whom DKS Construction and Serotoff are unable to produce satisfactory records verifying the type of work being performed by that individual.

19.    Pursuant to the CBA, DKS Construction and Serotoff agreed that they would not subcontract any work covered by the CBA to any subcontractor that is not bound to the CBA or bound to a CBA with a Union affiliated with the Union of Painters and Applied Trades.  The CBA provides that if this agreement is breached, DKS Construction and Serotoff are liable to the Fund for monetary damages in an amount representing the

difference between the wages and fringes provided for in the CBA and those actually paid by the subcontractor.

20.     The CBA and Trust Agreements state that if an employer becomes delinquent, they shall be required to pay as liquidated damages.

21.     CBA and Trust Agreements further state that delinquent employers are required to pay all court costs, including reasonable attorney and audit fees.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

22.     The Funds re-allege and incorporate by reference paragraphs 1-21 herein.

23.     The Funds' authorized agent requested that DKS Construction and Serotoff produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of December 1, 2015 through June 30, 2016.

24.     DKS Construction and Serotoff produced the payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by DKS Construction and Serotoff's employees covered by the CBA for which DKS Construction and Serotoff did not submit contributions to the Funds.

25.     The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $1,966.40 is due and owing for delinquent contributions.

26.     DKS Construction and Serotoff breached the terms of the CBA and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

27.     DKS Construction and Serotoff are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of their employees for whom Hodges Cleaning is unable to produce satisfactory records verifying the type of work performed by any such individuals.

28.     Pursuant to the CBA and Trust Agreements, DKS Construction and Serotoff are liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting such audit.

29.     DKS Construction and Serotoff are liable to the Funds for liquidated damages on any unpaid contributions discovered to be due and owing pursuant to the CBA and Trust Agreements.

30.     DKS Construction and Serotoff are liable to the Funds for interest charges on the unpaid contributions pursuant to the CBA and Trust Agreements

## COUNT III
## ERISA DAMAGES

31.     The Funds re-allege and incorporate by reference paragraphs 1-30 herein.

32.     The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

33.     The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

34.     The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants DKS

Construction, LLC and Daniel I. Serotoff, individually as follows:

1.      For judgment in the amount of $1,966.40 for unpaid contributions for the

Audit Period.

2.      For an award of liquidated damages and interest charges or double interest

charges on all unpaid contributions.

3.      For an award of costs, disbursements and attorneys' fees according to law.

4.      Such other and future relief as the Court deems just, equitable or proper.

Date: November 3, 2017                    MCGRANN SHEA CARNIVAL
                                          STRAUGHN & LAMB, CHARTERED


                                   By:    s/ Amy L. Court
                                          Carl S. Wosmek (Atty. No. 300731)
                                          Amy L. Court (Atty. No. 319004)
                                          Christy E. Lawrie (Atty. No. 388832)
                                          800 Nicollet Mall, Suite 2600
                                          Minneapolis, MN 55402
                                          Telephone: (612) 338-2525
                                          csw@mcgrannshea.com
                                          alc@mcgrannshea.com
                                          cel@mcgrannshea.com

                                          *Attorney for Plaintiffs*